[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11783
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-01832-AKK

PAMELA E. MCCLURE,

Plaintiff-Appellant,

versus

OASIS OUTSOURCING II, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 29, 2016)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pamela McClure appeals the district court's dismissal of her complaint alleging a violation of the Americans with Disabilities Act ("ADA") against her employer, Oasis Outsourcing II ("Oasis"). On appeal, McClure argues that: (1) the district court erred in concluding that she had failed to demonstrate that she exhausted administrative requirements; and (2) the district court erred in considering matters outside the pleadings in granting the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). After thorough review, we affirm.

We review de novo the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). In reviewing a motion to dismiss, we consider whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007) (quotation omitted). A claim is facially plausible when we can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

First, we are unpersuaded by McClure's claim that the district court erred in concluding that she had failed to demonstrate that she had exhausted the administrative requirements of the ADA. The ADA prohibits private employers from discriminating against a qualified individual with a disability in regard to job application issues; the hiring, advancement, or discharge of employees; employee

2

compensation; job training; and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, and this includes the duty to exhaust administrative remedies. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5. "A plaintiff's judicial complaint is limited by the scope of the [Equal Employment Opportunity Commission ("EEOC")] investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Security, Inc., 19 F.3d 586, 589 n.8 (11th Cir. 1994).

Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. Virgo v. Riveria Beach Assocs., 30 F.3d 1350, 1358 (11th Cir. 1994). This naming requirement serves to notify the charged party of the allegations against it and affords the party the opportunity to participate in conciliation. Id. However, courts liberally construe the naming requirement and may permit a party unnamed in the EEOC charge to be subjected to the jurisdiction of federal courts if the purposes of the act are fulfilled. Id. at 1358-59. In order to determine if the purposes of the act are fulfilled, courts do not apply a rigid test, but look to several factors, including:

> (1) the similarity of interest between the named party and unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed

3

parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id. at 1359.

Here, the district court did not err in granting the motion to dismiss because the record did not demonstrate that McClure exhausted the administrative requirements. For starters, defendant Oasis, McClure's alleged employer, was not named in her EEOC charge of discrimination. Instead, McClure's EEOC charge named "Holiday Inn Express" as her employer and made no factual allegations concerning the conduct of Oasis or its employees in relation to the claim. In fact, the word "Oasis" appeared nowhere in the charge. Thus, Oasis was not afforded an opportunity to participate in the reconciliation process because nothing in the charge would notify the EEOC of the need to investigate any conduct of Oasis or attempt reconciliation efforts with Oasis.

Moreover, Oasis did not receive adequate notice of the charge, since the notice of right to sue letter was not addressed to Oasis, but was sent to a law firm that did not represent Oasis. The record demonstrates that McClure could have ascertained the identity of Oasis; she acknowledged that she had payroll documents identifying Oasis as her employer prior to filing her EEOC charge, and that she relied upon those documents in filing her worker's compensation claim in 2012. In addition, we have no reason to believe that the district court erred in concluding

that "there is nothing in the complaint [McClure] filed in this court or in Holiday Inn's response to the EEOC charge to establish that Holiday Inn transmitted [the] EEOC charge to Oasis."  On this record, McClure has failed to demonstrate that she exhausted the administrative requirements of the ADA or that the purposes of the act were fulfilled.  See Virgo, 30 F.3d at 1359.

We also find no merit to McClure's claim that the district court erred in considering matters outside the pleadings in granting the motion to dismiss.  Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  There is, however, an exception to this rule.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).  "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."  Id.

It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.  Crockett v. Uniroyal, Inc., 772 F.2d 1524, 1530 n.4 (11th Cir. 1985).  "The doctrine of invited error stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal."  Yellow Pages Photos, Inc. v. Ziplocal, LP, 795 F.3d 1255, 1283 (11th Cir. 2015) (quotation omitted).

In this case, the district court did not err in considering materials outside the complaint in granting the motion to dismiss under Rule 12(b)(6).  The court's order cited to three exhibits that McClure attached to her amended complaint and motion to dismiss, each of which she incorporated into and referenced in her pleadings. These included Holiday Inn's position statement, the EEOC charge of discrimination, and the notice of right to sue letter.  Each of these documents were central to McClure's claim, since she provided them to the court in order to demonstrate that she satisfied the administrative requirements of the ADA and to support her allegation that no one informed her that the employer was misidentified throughout her EEOC proceedings.  She also relies upon these documents in her brief to this Court.  Moreover, their authenticity was not challenged.  For these reasons, the court did not err in granting the motion to dismiss.  See SFM Holdings, 600 F.3d at 1337 (court did not err in considering materials outside the complaint in ruling on a motion to dismiss because the plaintiff referred to the document in the complaint).  But in any event, even if the court did err, that error would have been harmless because it was invited by McClure.  Crockett, 772 F.2d at 1530 n.4.

**AFFIRMED**.